K. Andrew Kent (SBN 130097)
akent@rincongroup.com
Gregory N. Albright (SBN 145547)
gregory.n.albright@gmail.com
RINCON VENTURE LAW GROUP
2801 Townsgate Road, Suite 200
Westlake Village, California 91361
Telephone: (805) 557-0580

Attorneys for Plaintiff
PULSAR PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULSAR PRODUCTS, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> WALL BOX CHARGERS, S.L., a Spanish limited liability company; WALLBOX N.V., a Dutch public limited liability company; and WALLBOX USA INC., a Delaware corporation, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; AND CANCELLATION OF TRADEMARK REGISTRATION** <br><br> **(DEMAND FOR JURY TRIAL)** |

Plaintiff Pulsar Products, Inc. ("Pulsar Inc." or "Plaintiff"), is a leading manufacturer of residential and commercial power supply products. It brings this action seeking injunctive relief, declaratory relief and damages, in order to protect and enforce its rights in a valuable federally registered trademark, PULSAR, against knowing and willful infringement by Defendants Wall Box Chargers, S.L., Wallbox N.V., and Wallbox USA, Inc.. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Act. The Complaint states claims for infringement of Pulsar, Inc's federally registered trademark under Section 32 of the Lanham Act (15 U.S.C. § 1114) and for cancellation of a trademark registration Wall Box procured (15 U.S.C. §§ 1064 and 1119).

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.

3. Venue is proper, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims arose in this District and Defendants can be found in this District.

## PARTIES

4. Plaintiff is a corporation organized and existing under the laws of the State of California. It has a principal place of business in Rancho Cucamonga, Californias.

5. Plaintiff is informed and believes and therefore avers that Defendant Wall Box Charger, S.L. (hereafter "Wall Box, S.L.") is a Spanish limited liability company whose principal place of business is in Madrid, Spain.

6. Plaintiff is informed and believes and therefore avers that Defendant Wallbox N.V. is Dutch public limited liability company whose principal place of business is in Amsterdam, Netherlands.

7. Plaintiff is informed and believes and therefore avers that Defendant Wallbox USA, Inc. is a Delaware corporation whose principal place of business is in California.

8. Defendants Wall Box, S.L., Wallbox N.V., and Wallbox USA, Inc. are

referred to collectively herein as "the Wallbox Defendants."

9. On information and belief, at all times herein mentioned, each of the Wallbox Defendants was the agent or licensee of each of the remaining Wallbox Defendants and, in doing the things alleged herein, was acting with the scope of such agency. On information and belief, the conduct of each of the Wallbox Defendants as alleged herein was directed, controlled, or ratified by each of the other Wallbox Defendants, who participated in or were the moving, active or conscious force behind the violations, and the benefits thereof were accepted by each of the other Wallbox Defendants.

10. On information and belief, each of the Wallbox Defendants induced the other Wallbox Defendants to infringe upon Plaintiff's rights, participated in or enabled the other Wallbox Defendants to engage in the unlawful conduct herein alleged, or supervised that conduct, with knowledge that the conduct of other Wallbox Defendants would infringe upon Plaintiff's rights and constitute unfair competition and false and deceptive actions. Therefore, each of the Wallbox Defendants is jointly and severally liable as a contributory or vicarious infringer of Plaintiff's rights.

## PLAINTIFF'S MARK AND THE NATURE OF ITS BUSINESS

11. Plaintiff Pulsar Inc. is a leading manufacturer of residential and commercial power supply products. It offers a diverse portfolio of power supply equipment and power tools, including an array of portable generators, power stations, home energy storage systems, solar power supply systems, batteries, power supply components such as inverters and power boxes, air compressors and pressure washers, as well power-operated tools for home, garden and industrial applications.

12. In or about 2011, Plaintiff adopted "PULSAR" as its house mark and brand. Thereafter Plaintiff began using the trademark "PULSAR" in commerce, in connection with its portfolio of electricity generating, power supply and power tool products, and in the ensuing years through the present, Plaintiff has continuously and exclusively maintained and expanded the commercial use of its house mark. Plaintiff's "PULSAR" trademark has at all relevant times been an inherently distinctive, strong trademark when

used in association with Plaintiff's goods.

13. Products carrying the "PULSAR" brand are distributed throughout the United States, including through all major retail chains, among them Home Depot, Lowe's, Walmart, and Tractor Supply, in addition to e-commerce outlets such as Amazon. Over its long history, Plaintiff has established valuable brand-name recognition among customers and potential customers of power supply products, who associate Plaintiff's "PULSAR" brand with high quality power supply equipment that is especially reliable at critical moments, such as power outages, storm events and taking power off-grid for outdoor adventures. Plaintiff worked hard over the years to demonstrate its commitment to quality, customer service, and continuously improving product offerings, and its hard work—all in connection with its brand—has earned the trust of homeowners, businesses, and retailers nationwide.

14. Pulsar, Inc. owns a number of federal registrations for its trademark:
- U.S. Registration No. 4,813,241 (the '241 Reg.") for "PULSAR" was issued to Plaintiff on September 15, 2015, and subsequently conferred Section 15 incontestability status, in connection with "Air compressors; Lawn mowers; Multi-purpose high pressure washers; Portable electric power generators; Power operated blowers; Power tools, namely, augers; Power-operated grass/weed trimmers; Snow blowers;"
- U.S. Registration Reg. No. 6,789,359, for "PULSAR" was issued to Plaintiff on July 12, 2022, for "power-operated log splitters, tillers, and wood chippers-shredders, gas-powered water pumps used to drain pools, ponds and flooded structures or land, portable power stations, and power-operated tools, namely, grinders and saws; and
- U.S. Registration No. 7,706,460, for "PULSAR" was issued to Plaintiff on February 25, 2025, for "Solar panels for the production of electricity."

15. Each of these registrations is for the same mark—PULSAR. Each of the three registrations include goods for generating electricity and power: **Portable electric power**

*generators* ('241 Reg); ***Portable power stations*** ('359 Reg); and ***Solar panels for the production of electricity*** ('460 Reg). Each of these registrations were issued under Section 1(a) of the Trademark Act, denoting the Trademark Office's determination that Plaintiff's "PULSAR" trademark is inherently distinctive and was protectable under the Trademark Act from Plaintiff's first use in commerce. As Pulsar Inc. brought additional products to market within its natural zone of expansion, it filed an additional application for registration of its house mark, Application Serial No. 98,809,633, for EV charging stations and home energy storage systems.

16. Examples of Plaintiff's use of its brand in commerce include the following:





17. Through its continuous and exclusive use by Plaintiff as a trademark in

connection with the marketing, distribution and sale of power supply products and related goods, the "PULSAR" trademark has come to symbolize goods associated with a single source, Plaintiff, in the minds of relevant consumers, and reflects the goodwill earned by Plaintiff through decades of hard work, creativity and devotion to reliable products. The "PULSAR" trademark is a valuable asset owned by Plaintiff, one that distinguishes the goods with which it is used as being unique, high-quality equipment, associated with a recognized source.

## DEFENDANT'S UNLAWFUL CONDUCT

18. On information and belief, the Wallbox Defendants advertise and offer for sale, including on the website at www.wallbox.com, charging stations for home or commercial use in charging electric vehicles, including charging through the use of solar panels. On information and belief, all of these activities occur in interstate commerce.

19. On information and belief, on May 23, 2023, Wall Box, S.L. procured a United States Trademark Registration for the mark "PULSAR PLUS": U.S. Reg. No. 7,059,175 ("Wall Box Registration" or "'175 Registration"), wherein the goods described are "Electric vehicle battery chargers; Electrical apparatus, namely, charging stations for charging electric vehicles; Charging appliances for rechargeable equipment related to electric vehicles." On information and belief, Defendant Wall Box, S.L. applied for and received the Wall Box Registration under Section 44(d) of the Trademark Act, on the basis of a foreign trademark application it had filed. On information and belief, Defendant Wall Box, S.L.'s use of "Pulsar Plus" in United States interstate commerce in all respects occurred long after Plaintiff's registrations had issued and Plaintiff had widely used its "PULSAR" mark in commerce on power stations, power and electricity generating products, residential charging stations, and related goods. On information and belief, Defendant Wall Box, S.L. was aware of Plaintiff's prior use of the trademark, "PULSAR," in commerce in connection with the charging stations and power supply products, as well as Plaintiff's ownership of prior trademark registrations for that mark. Defendant Wall Box, S.L did not have the right to procure the '175 Registration, because of Plaintiff's prior

uses of a PULSAR mark in commerce and Plaintiff's prior registrations for that mark.

20. On information and belief, in using a "Pulsar Plus" mark in commerce, while knowing of Plaintiff's prior rights, the Wallbox Defendants have intentionally sought to infringe upon Plaintiff's "PULSAR" trademark, knowingly or through willful blindness causing a likelihood of confusion and mistake amongst relevant consumers and the trade, as to whether the Wallbox Defendants' goods share the same source as Plaintiff's, or are otherwise licensed by Plaintiff or connected, affiliated or associated with it, and therefore of the same quality as Plaintiff's goods. On information and belief, the Wallbox Defendants have knowingly or through willful blindness to Plaintiff's rights adopted and used a mark confusingly similar to Plaintiff's "PULSAR" trademark in a manner that trades off of the goodwill associated with Plaintiff's mark and re-directs confused consumers to charging station products the Wallbox Defendants are selling that are not affiliated with Plaintiff.

21. On information and belief, the Wallbox Defendants encouraged, assisted, and participated in one or more of the infringing acts stated herein, while knowing that such acts would be likely to cause confusion and deception in the trade and amongst relevant consumers.

22. The Wallbox Defendants' acts as alleged above have caused and will continue to cause irreparable harm and injury to Plaintiff's reputation, identity and ability to distinguish itself and its goods, all of it being harm and injury for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement, Against all Wallbox Defendants; 15 U.S.C. § 1114)**

23. Plaintiff incorporates by reference paragraphs 1 through 22 above, as if set forth in full.

24. Plaintiff is the owner of the PULSAR trademark, in connection with portable electric power generators, portable power stations, solar panels for the production of electricity, and related goods. It is a trademark registered under Section 1 of the trademark

laws of the United States, 15 U.S.C. § 1051.

25. The PULSAR trademark is a valuable, protectable mark.

26. On information and belief, the Wallbox Defendants have directly or indirectly engaged in the marketing, distribution, offering for sale and sale of electric vehicle battery chargers, charging stations for charging electric vehicles, and charging appliances for rechargeable equipment related to electric vehicles, and related goods through the use of the trademark "PULSAR PLUS." On information and belief, the Wallbox Defendants have also used other marks formed with the "PULSAR" term, including but not limited to a "PULSAR PRO" mark. Their actions as alleged in this paragraph have been undertaken through the use of interstate commerce.

27. Plaintiff has not authorized the Wallbox Defendants to make these uses, as alleged above, of a "PULSAR PLUS" trademark or other trademarks formed from the "PULSAR" term.

28. On information and belief, the Wallbox Defendants' use of a "PULSAR PLUS" trademark and other similar marks as alleged above is likely to cause confusion, mistake or deception among consumers as to the source, quality and nature of Wallbox Defendants' goods.

29. The Wallbox Defendants' use of Plaintiff's PULSAR trademark, or a confusingly similar variation of it, constitutes federal trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30. On information and belief, the Wallbox Defendants' acts of infringement as alleged above have been willful, taken despite actual knowledge of Plaintiff's rights in the PULSAR trademark, with the intent to cause, or with willful blindness as to whether they would cause, confusion, mistake and deception among relevant consumers concerning the Wallbox Defendants' goods and services and injury to Plaintiff's reputation, goodwill, and sales.  Under 15 U.S.C. § 1117, Plaintiff is entitled to recover the greater of its actual damages or the Wallbox Defendants' profits from their infringing acts, enhanced and multiplied up to three times, as well as Plaintiff's reasonable attorneys' fees.  Under 15

1  U.S.C. § 1118, Plaintiff also is entitled to an order requiring destruction of all infringing
2  goods and promotional materials in the Wallbox Defendants' possession or control.
3       31.    On information and belief, the Wallbox Defendants' conduct as alleged above
4  has damaged and will continue to damage Plaintiff.
5       32.    On information and belief, as a result of their conduct as alleged above, the
6  Wallbox Defendants have been unjustly enriched and have wrongfully profited.
7       33.    On information and belief, unless restrained and enjoined by this Court, the
8  Wallbox Defendants will continue to engage in their infringing conduct, customers are
9  likely to continue to be deceived or mistaken as to the true source, quality, sponsorship and
10 affiliation of the Wallbox Defendants' goods, Plaintiff's reputation and goodwill will be
11 harmed in ways difficult to monetarily quantify, adequately repair and compensate, and a
12 multiplicity of suits will be required

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition; Against all Defendants; 15 U.S.C. § 1125(a))**

34.    Plaintiff incorporates by reference paragraphs 1 through 33 above, as if set forth in full.

35.    On information and belief, on or in connection with electric vehicle battery chargers, charging stations for charging electric vehicles, and charging appliances for rechargeable equipment related to electric vehicles, and related goods and services, the Wallbox Defendants have used words, terms, names, symbols, devices, or a combination of them, that falsely designated the origin of those goods and services, or false or misleading descriptions or representations of fact.

36.    On information and belief, the Wallbox Defendants' conduct as alleged above is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Wallbox Defendants with Plaintiff, or as to the origin, sponsorship, or approval of the Wallbox Defendants' electric vehicle battery chargers, charging stations for charging electric vehicles, and charging appliances for rechargeable equipment related to electric vehicles, and related goods, services, and commercial

activities. On information and belief, the Wallbox Defendants' conduct as alleged above, through commercial advertising or promotion, has misrepresented the nature, characteristics, qualities, or geographic origin of the Wallbox Defendants' electric vehicle battery chargers, charging stations for charging electric vehicles, and charging appliances for rechargeable equipment related to electric vehicles, and the Wallbox Defendants' related goods, services, or commercial activities.

37. On information and belief, the Wallbox Defendants' acts as alleged above constitute unfair competition through false descriptions, false designations, false representations of origin, and false advertising in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. On information and belief, the Wallbox Defendant's acts of unfair competition have been willful, taken despite actual knowledge of Plaintiff's rights in the PULSAR trademark, with the intent to cause, or with willful blindness as to whether they would cause, confusion, mistake and deception among relevant consumers concerning the Wallbox Defendants' goods and services and injury to Plaintiff's reputation, goodwill, and sales. Under 15 U.S.C. § 1117, Plaintiff is entitled to recover the greater of its actual damages or the Wallbox Defendants' profits from their acts constituting false designation of origin and unfair competition, enhanced and multiplied up to three times, as well as Plaintiff's reasonable attorneys' fees. Under 15 U.S.C. § 1118, Plaintiff also is entitled to an order requiring destruction of all goods, containers and promotional materials in the Wallbox Defendants' possession or control bearing or connected to any false, misleading, deceptive or confusing words, terms, names, symbols, devices, or combination of them.

39. On information and belief, the Wallbox Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff or is likely to damage Plaintiff.

40. On information and belief, as a result of their conduct as alleged above, the Wallbox Defendants have been unjustly enriched and have wrongfully profited.

41. On information and belief, unless restrained and enjoined by this Court, Wallbox Defendants will continue to engage in the wrongful conduct alleged above,

customers are likely to continue to be deceived or mistaken as to the true source, quality, sponsorship and affiliation of Wallbox Defendants' goods, Plaintiff's reputation and goodwill will be harmed in ways difficult to monetarily quantify, adequately repair and compensate, and a multiplicity of suits will be required.

## THIRD CLAIM FOR RELIEF

### (Cancellation of Trademark Registration and Civil Liability; Against Wall Box, S.L.; 15 U.S.C. § 1119)

42.   Plaintiff incorporates by reference paragraphs 1 through 41 above, as if set forth in full.

43.   The Wall Box Registration, for the mark "Pulsar Plus" was obtained contrary to Section 1052(d) of the Lanham Act. In addition, the "Pulsar Plus" mark registered to Wall Box, S.L. is being used by or with Wall Box's permission in a manner so as to misrepresent the source of the goods or services being offered in connection with a "Pulsar Plus" trademark.

44.   Wall Box S.L.'s use of the registered mark "Pulsar Plus" infringes on the valid prior trademark rights established at common law by Plaintiff prior to the issuance of Wall Box's Registration.

45.   Plaintiff has been harmed by the "Pulsar Plus" Registration.

46.   The Wall Box Registration, for a "Pulsar Plus" mark, is required to be cancelled under 15 U.S.C. §§1064 and 1119.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.   That the Court enter judgment that the Wallbox Defendants have infringed Plaintiff's PULSAR trademark; have used false designations of origin, false descriptions, false representations, and false advertising in violation of 15 U.S.C. § 1125(a); and have committed acts constituting unfair competition, in violation of the common law;

2.   That the Court preliminarily and then permanently enjoin the Wallbox Defendants, and all of their officers, directors, agents, servants, employees and attorneys,

and all other persons acting directly or indirectly in concert with the Wallbox Defendants, from using in commerce, in connection with the advertising, marketing, distribution, sale or offering for sale of any electric vehicle battery chargers, charging stations for charging electric vehicles, and charging appliances for rechargeable equipment related to electric vehicles, or related goods and services, the trademarks "PULSAR," "PULSAR PLUS," "PULSAR PRO" or any other mark or designation confusingly similar to those trademarks, or from otherwise infringing on Plaintiff's registered trademark; from using in commerce a domain name, web site or metatags incorporating the term "Pulsar," "Pulsar Plus," or "Pulsar Pro"; from unfairly competing with Plaintiff; from engaging in acts of false advertising; and from engaging in any other acts that tend to damage the value of Plaintiff's PULSAR trademark, trade name, business reputation, and goodwill;

3. That the Wallbox Defendants be ordered to surrender for destruction all products, containers, labels, advertisements, promotional materials, and other materials constituting an infringement of Plaintiff's trademark or the means by which such infringement is facilitated;

4. That Plaintiff be awarded its damages according to proof;

5. That Plaintiff be awarded the profits acquired by the Wallbox Defendants through Defendants' unlawful acts;

6. That the Court increase and enhance by three times any award of damages and/or profits based on the Wallbox Defendants' willfulness;

7. That the Court award exemplary damages for the Wallbox Defendants' acts of unfair competition at common law;

8. That the Court determine Wall Box, S.L.'s right to registration and order the cancelation of the Wall Box Registration pursuant to 15 U.S.C. § 1119;

9. That the Court award Plaintiff its reasonable attorneys' fees and costs; and

10. That the Court award Plaintiff such further relief as the Court deems just and proper.

///

DATED:   January 27, 2026          RINCON VENTURE LAW GROUP
                                   K. Andrew Kent


                                   By: /s/ K. Andrew Kent_____
                                       K. Andrew Kent

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of this action.

DATED: January 27, 2026          RINCON VENTURE LAW GROUP
                                 K. Andrew Kent


                                 By: /s/ K. Andrew Kent_____
                                     K. Andrew Kent